UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MABEL CATTANEO,

    Plaintiff,

    v.

AMERICAN AIRLINES, INC.,

    Defendant.

Case No. 15-cv-01748-BLF

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE**

[Re: ECF 8]

Defendant's motion to dismiss Plaintiff's complaint was heard on August 13, 2015. The Court has considered the briefing and the oral argument presented by counsel. For the reasons discussed below, the motion is GRANTED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

**I.  BACKGROUND**

This action arises out of injuries suffered by Plaintiff Mabel Cattaneo, a seventy-eight year old resident of Santa Clara, California, when a cup of boiling water spilled on her lap during air travel, causing severe burns to "her upper legs and vital body parts." Compl. ¶¶ 3, 18-23, 33-35, Notice of Removal Exh. A, ECF 1.[1] On June 3, 2011, Plaintiff traveled on Defendant American Airlines, Inc. from Los Angeles, California to Cozumel, Mexico with a short layover at the Dallas Fort Worth Texas International Airport ("DFW"). *See* Pl.'s Itinerary, Hainsworth Decl. ISO Removal Exh. 1, ECF 1-1.[2] On June 12, 2011, Plaintiff returned from Cozumel to Los Angeles,

---

[1] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

[2] The Court considers Plaintiff's itinerary under the incorporation by reference doctrine, as Plaintiff's complaint makes express reference to purchase of her airplane ticket and the details of her flight. *See See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by

1    again laying over at DFW.  *Id.*  Plaintiff's injuries occurred during the second leg of the return
2    flight, from DFW to the Los Angeles International Airport ("LAX").  Compl. ¶¶ 6-23.
3        On November 14, 2014, Plaintiff filed the present complaint against Defendant in the
4    Santa Clara County Superior Court, asserting claims for (1) breach of contract, (2) negligence, and
5    (3) negligent infliction of emotional distress.  Compl., Def.'s RJN Exh. A, ECF 8-1.  The
6    complaint alleged jurisdiction in the state court "under Section 410.10 of the California Code of
7    Civil Procedure and relevant provisions of the Warsaw and Montreal Conventions."  Compl. ¶ 1.
8    On April 17, 2015, Defendant removed the action to federal district court on the basis of federal
9    question jurisdiction given Plaintiff's express allegation that the action arises under a Treaty of the
10   United States, the Montreal Convention.  Notice of Removal ¶ 3, ECF 1.  The Montreal
11   Convention is an international treaty to which the United States is a signatory.  *See* Convention for
12   the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc.
13   No. 106-45, 1999 WL 33292734, at *29-45.

## II.    LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

---

reference doctrine permits a court to consider documents referenced in but not physically attached to the complaint).

1  relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*
2  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the
3  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III. DISCUSSION**

Defendant seeks dismissal of this action on the grounds that the Montreal Convention provides the exclusive remedy for Plaintiff's injuries and any claims that Plaintiff could allege under the Montreal Convention are time-barred. Plaintiff opposes dismissal, asserting that the Montreal Convention does not apply.

The Montreal Convention, "which governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (quoting Montreal Convention Art. 1(1)). Under the Montreal Convention, "a carrier is 'liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.'" *Id.* (quoting Montreal Convention Art. 17(1)). Carriage is "international" within the meaning of the Montreal Convention when "according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage . . . are situated . . . within the territories of two States Parties." Montreal Convention, Art. 1(2).

A domestic leg of an international trip may fall within and be covered by the Montreal Convention. *See Zhang v. Air China Ltd.*, 866 F. Supp. 2d 1162, 1167 (N.D. Cal. 2012); *Kruger v. United Air Lines, Inc.*, No. C 06-04907 MHP, 2007 WL 3232443, at *3 (N.D. Cal. Nov. 1, 2007). "The dispositive determinant in resolving whether a domestic flight is part of international carriage is the intent of the parties to enter into an agreement for international carriage." *Zhang*, 866 F. Supp. 2d at 1167 (citing *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 987 (9th Cir. 2004)). "In the Ninth Circuit, there is a 'firmly-settled methodology' for analyzing the parties' intent in the context of the Montreal Convention." *Id.* (quoting *Coyle*, 363 F.3d at 989). "[O]bjective indications of the parties' intent take pride of place." *Kruger*, 2007 WL 3232443, at

\*4. "Thus a court's inquiry begins with 'the objective manifestations of the parties' intent expressed by the ticket." *Zhang*, 866 F. Supp. 2d at 1167 (quoting *Coyle*, 363 F.3d at 987); *see also Kruger*, 2007 WL 3232443, at \*4 ("the inquiry begins with the document of carriage or its equivalents"). "Where the objective indicia are unambiguous, the court need not consider evidence of the parties' subjective intent." *Kruger*, 2007 WL 3232443, at \*4 (citing *Coyle*, 363 F.3d at 991).

Both the United States and Mexico are parties to the Montreal Convention. *See* Int'l Civil Aviation Organization, http://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf. Thus the question presented by Defendant's motion is whether it appears on the face of the complaint[3] that the last leg of Plaintiff's journey, from DFW to LAX, constituted "international carriage" within the meaning of the Montreal Convention. The answer to that question is yes. Plaintiff boarded an American Airlines flight in Cozumel for same-day travel to Los Angeles, with a layover of approximately three hours at DFW. *See* Pl.'s Itinerary, Hainsworth Decl. ISO Removal Exh. 1, ECF 1-1. Plaintiff has not alleged any facts from which an inference could be drawn that the domestic flight was *not* part of her longer international trip. *See, e.g., Zhang*, 866 F. Supp. 2d at 1168 (Montreal Convention did not apply where domestic and international flights purchased separately by different individuals using different credit cards); *Kruger*, 2007 WL 3232443, at \*4 (Montreal Convention did not apply where domestic and international flights purchased separately from different carriers using different websites and separated by a day and a half layover). Accordingly, the Montreal Convention provides the exclusive remedy for Plaintiff's injuries.

Because the Montreal Convention clearly applies, any claim for damages arising out of Plaintiff's injuries is extinguished if "not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." Montreal Convention Art. 35(1); *see also Narayanan*, 747 F.3d at 1128 ("[A] claim for damages under the Convention must be filed within

---

[3] As noted in footnote 2, above, Plaintiff's itinerary is incorporated by reference into her complaint and has been considered by the Court.

two years of the date upon which the aircraft arrived, or ought to have arrived, at its destination."). It appears on the face of the complaint that Plaintiff's injuries occurred during a flight between DFW and LAX on June 12, 2011. Compl. ¶¶ 6-23; Pl.'s Itinerary, Hainsworth Decl. ISO Removal Exh. 1, ECF 1-1. Plaintiff did not file suit until more than two years later on November 14, 2014. Accordingly, any claims that she could bring for her injuries are time-barred.

At the hearing, Plaintiff's counsel indicated that he could not add additional facts even if granted leave to amend. Where amendment would be futile, dismissal without leave to amend is appropriate. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."). Accordingly, Defendant's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND and the action is hereby DISMISSED WITH PREJUDICE.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND and the action is hereby DISMISSED WITH PREJUDICE.

Dated: September 24, 2015

BETH LABSON FREEMAN
United States District Judge